

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Katherine Eckardt, f/k/a Katherine Miner, ) <br> Employee, ) | Docket No.: 2015-06-0974 ) |
| v. ) | |
| Vaco Holding, LLC, ) <br> Employer, ) | State File Number: 51047-2015 ) |
| And ) | |
| The Hartford, ) <br> Insurance Carrier. ) | Judge Kenneth M. Switzer ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on September 20, 2016, on the Request for Expedited Hearing filed by Katherine Eckardt under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the sufficiency of Ms. Eckardt's notice and whether she sustained an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds she is likely to prevail at a hearing on the merits on both issues and grants her request for medical benefits.[1]

## History of Claim

Ms. Eckardt worked for Vaco Holding, LLC, a staffing agency, which placed her fulltime at the Advisory Board Company (ABC) in June or July of 2014. On November 17, 2014, Ms. Eckardt walked into a glass door at ABC, making contact with the door face first. (Ex. 2 at 1.) She attended a staff meeting shortly afterward where she told ABC co-workers about the incident. *Id.* She additionally mentioned it in a self-deprecating manner via an email circulated the same day to ABC staff. (Ex. 5 at 1.) The next day, Ms. Eckardt's nose became bruised and swollen from the impact, but it

---

[1] The Court considered only the issues the parties addressed at the Expedited Hearing and did not consider at this time the additional issues listed on the Dispute Certification Notice. A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

gradually healed over the next month. She did not seek medical attention in the days and weeks following the accident. Ms. Eckardt testified she did not realize she sustained a serious injury, noting that others in the office had run into the door as well and were not seriously injured.

ABC hired her on January 1, 2015, and she presently works as a senior service line administrative manager. Ms. Eckardt acknowledged that Vaco paid her prior to that date and she submitted weekly timesheets to Vaco until becoming an ABC employee. (Ex. 9.) She conceded she did not notify Vaco about the injury until July 7, 2015.

Ms. Eckardt sought treatment after noticing in January or February 2015 that her left eye began watering excessively. She telephoned Dr. Anita Cranford, O.D., who indicated the condition might be a result of allergies and told her to call back if the problem persisted or worsened. It did, prompting Ms. Eckardt to see Dr. Cranford on April 23, 2015. Dr. Cranford diagnosed dacryocystitis of the left eye, prescribed Keflex and Prednisone for seven to ten days, and concluded she would refer Ms. Eckardt to a specialist if the problem continued. (Ex. 1 at 9.) Notes from that visit listed the "chief complaint" as "Left upper and lower lid swollen. This happened about the same time hit by a door on the left side of the face. Getting a discharge now from the left eye." *Id.* at 8. However, Ms. Eckardt testified the conversation did "not definitively" link the incident at work with her condition.

After the April 2015 visit with Dr. Cranford, Ms. Eckardt's condition gradually worsened. She sought emergency treatment at Williamson Medical Center on June 23, 2016, giving a history that "several months ago she accidentally was struck in the face by door[.]" *Id.* at 12. Dr. James Cleveland diagnosed dacryocystitis, counseled her on the "need for follow-up," and referred her to an ophthalmologist, Dr. Daniel Weikert. Dr. Weikert referred her to Dr. Behin Barahami at Vanderbilt University Medical Center, whom she saw on July 1 and August 5, 2015. *See generally* Ex. 1 at 15-24. Ultimately, Dr. Kelly Everman performed surgery to clear her tear duct on September 9, 2016, shortly before this hearing. (Ex. 8.)[2]

---

[2] Vaco objected to the admissibility of Exhibit 8, a Form C-36 "Attending Physician's Report," arguing it was not filed ten business days before the scheduled Expedited Hearing in accordance with Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(a) (2015). The Court's Practices and Procedures Rule 7.01 requires all evidence to be considered by a court during an expedited hearing to be submitted in accordance with the applicable rules set forth in 0800-02-21. Rule 7.01 additionally provides, "[a]bsent extraordinary circumstances and approval of the assigned Judge, evidence may not be considered if submitted after the expiration of the applicable rules and regulations." The Court overruled Vaco's objection, finding extraordinary circumstances because: 1) Ms. Eckardt underwent the surgery fewer than ten business days before the Expedited Hearing; 2) counsel filed the document on the date of its creation, September 15, 2016; and, 3) it is relevant to issues before the Court at this interlocutory stage. Having received the record, the Court relied on no part of the report in making its decision.

As for causation, in a letter dated December 29, 2015, Dr. Cranford wrote, "The dacryocystitis was probably caused by the blow to the left side of her face from the door," and, "It is my opinion that the only reason for the patient's vision on this date was because of the injury sustained from the blow from the door." *Id.* at 7.

Regarding notice to Vaco, Ms. Eckardt reported the injury to ABC on June 23, 2015, following the visit to Williamson Medical Center.[3] ABC advised her on July 7 that she needed to pursue her claim against Vaco, as she was Vaco's employee at the time of the injury. On that same day, Ms. Eckardt notified Vaco about the injury. Babette Stewart, Vaco's Director of Human Resources, confirmed receipt of notice on July 7.

After providing notice, Ms. Eckart procceded with treatment under the belief it was covered under workers' compensation until she learned on October 23, 2015, that was not the case. She immediately telephoned Vaco and spoke to Ms. Stewart, who in a subsequent conversation, indicated an insurance adjuster was attempting to contact Ms. Eckardt. Ms. Eckardt denied receiving any messages from the adjuster, and left a voicemail with the designated adjuster that same day. She spoke with the adjuster on November 13 and learned of the denial of her claim based on the statute of limitations; the adjuster incorrectly thought the date of injury was November 1, 2014. (Ex. 11.) Vaco announced withdrawal of this defense at the Expedited Hearing.[4]

As for Vaco's notice defense, Ms. Stewart explained Vaco's procedures for reporting injuries: Upon receiving notice of an injury, the local office where the injured employee works contacts the carrier to report the injury, and Ms. Stewart receives a claim number and updates as the claim progresses. She testified if she were notified, Ms. Stewart would have informed the carrier; the carrier would have investigated; and Ms. Eckardt would receive a panel. Ms. Stewart admitted Vaco employees are not trained on how to report workers' compensation injuries, although Vaco posts signs in its office regarding claims-reporting procedure. Ms. Stewart acknowledged she does not investigate claims nor does she know what the carrier does to investigate claims. She was unaware of what the carrier did after it received notice in July 2015. Ms. Stewart could not identify any part of Ms. Eckardt's testimony that was untrue.

Ms. Eckardt filed a Petition for Benefit Determination. After mediation failed, the

---

[3] Ms. Eckardt introduced a series of emails between her and ABC staff notifying them of the injury and their response. Vaco objected to the admissibility of the emails and in particular to the responses from ABC, arguing they are hearsay, and because ABC is not a party, the emails cannot be admitted as an exception as admissions by a party-opponent. The Court admitted the emails into evidence for identification purposes only and marked them as Exhibit 6, taking the objection under advisement at the Expedited Hearing. The Court now sustains the objection. *See* Tenn. R. Evid. Rule 803 (1.2) (2016).

[4] The Dispute Certification Notice lists the date of injury as a disputed issue. Although it appears Vaco no longer contests this issue, for the sake of clarity, the Court finds Ms. Eckardt's date of injury is November 17, 2014.

Ms. Eckardt filed a Petition for Benefit Determination. After mediation failed, the mediator filed a Dispute Certification Notice. Ms. Eckardt subsequently filed a hearing request.

During the Expedited Hearing, at the close of Ms. Eckardt's proof, Vaco moved to dismiss her claim for past temporary disability benefits, arguing she did not miss time from work due to the injury. The Court agreed and granted the motion, observing additionally that her entitlement to temporary disability benefits was not certified to the Court as an issue for resolution on the Dispute Certification Notice. Vaco moved to dismiss the remaining claim for medical benefits, which the Court denied.

Ms. Eckardt contended she gave sufficient notice to Vaco and acted reasonably under the circumstances. Further, Vaco was not prejudiced by the delay in receiving notice of the injury, given that the evidence suggests the carrier took no steps to investigate the claim when it received notice. The medical proof establishes causation. Vaco countered it should have received notice within thirty days of the event, but that did not occur. Ms. Eckardt delayed seeking medical treatment for several months until April 2015, so that other causes possibly responsible for infected tear duct could be ruled out.

### Findings of Fact and Conclusions of Law

The following general legal principles govern this case. Ms. Eckardt bears the burden of proof on all prima facie elements of her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Ms. Eckardt need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Ms. Eckardt has the burden to come forward with sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *Id.*

In this particular matter, whether she provided adequate notice and whether she sustained an injury arising primarily out of and in the course and scope of employment are the two specific issues, which the Court addresses below.

### *Notice*

The Court first considers Vaco's notice defense. The Workers' Compensation Law states in relevant part: "[n]o compensation shall be payable . . . unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the*

*satisfaction of the tribunal to which the claim for compensation may be presented.*" Tenn. Code Ann. § 50-6-201(a)(1) (2015) (emphasis added). In addition, "No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." Tenn. Code Ann. § 50-6-201(a)(3) (2015).

The Workers' Compensation Appeals Board explained the notice defense as follows:

> The notice requirement contained in section 50-6-201 exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee. Consequently, the giving of statutory notice to the employer is an absolute prerequisite to the right of an employee to recover compensation under the workers' compensation law. When lack of notice is raised as a defense, the burden is on the employee to show that notice was given, the employer had actual notice, *or the failure to give notice was reasonable under the circumstances.*

*Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014) (internal citations omitted).

Applying these legal principles, here, no one disputes that Ms. Eckardt did not give written notice to Vaco within thirty days of the accident. Therefore, the Court considers whether she provided a "reasonable excuse" for this failure and whether Vaco suffered prejudice by her failure to give proper notice.

The Court finds Ms. Eckardt a credible witness. She recounted all relevant events in sufficient detail and in a straightforward, forthright manner. Based on this testimony and the providers' records, the Court finds Ms. Eckardt did not realize the potential work-relatedness or severity of the condition of her left eye duct until the June 23, 2015 visit to the Williamson Medical Center emergency room. Although notes from an earlier visit with Dr. Cranford in April 2015 suggest Ms. Eckardt gave a history of being "hit by a door on the left side of the face," Ms. Eckardt credibly testified that Dr. Cranford did not "definitively link" the incident and her condition at that time. As for the severity of her condition, Dr. Cranford's notes confirm at that point the tear duct did not require follow up, noting a referral would be necessary only if the problem persisted. In contrast, the June 23, 2015 Williamson Medical Center notes call for follow up within twenty-four to forty-eight hours.

The Court further finds the Williamson Medical Center encounter prompted Ms. Eckardt to give verbal notice to ABC on June 23, 2015. Ms. Eckardt acted reasonably by giving notice solely to ABC at that point, given that for close to a year prior, she worked fulltime in the ABC office and she stopped reporting her time to Vaco approximately six months beforehand. It appears to the Court that Ms. Eckardt considered herself a fully integrated ABC team member, and Vaco's role in placing her there, reasonably, became an afterthought. ABC seemed to share that impression, given that it took approximately two weeks after the June 23, 2015 notice until it realized Vaco, rather than ABC, is the responsible employer. As soon as ABC reminded her on July 7, 2015, that Vaco was her employer on the date of injury, Ms. Eckardt immediately notified Vaco regarding the injury. The Court holds she satisfied her burden to show her failure to give notice was reasonable under the circumstances.

Further, as previously stated, the Workers' Compensation Law requires the employer to show, to the satisfaction of the workers' compensation judge before which the matter is pending, "that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." The Court finds Vaco failed to show prejudice by Ms. Eckardt's failure to give proper notice, in that Ms. Stewart conceded she does not investigate workers' compensation claims, nor was she aware of any efforts its carrier took to investigate the claim after July 7, 2015. In fact, the evidence at this point suggests the carrier took no steps to investigate the claim between that date and the November 2015 denial. In sum, the Court holds as a matter of law that Ms. Eckardt is likely to prevail at a hearing on the merits regarding the sufficiency of her notice of injury to Vaco.

*Causation*

Next, the Court considers whether Ms. Eckardt has satisfied her burden to show she sustained an injury arising primarily out of and in the course and scope of her employment with Vaco. *See* Tenn. Code Ann. § 50-6-102(14) (2015). The Workers' Compensation Law provides that an injury arises primarily out of and in the course and scope of employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015).

Applying these standards in this case, Ms. Eckardt credibly testified she became injured at work by walking into the glass door. Vaco did not refute the testimony, and the medical records document that she told the providers about the incident when relaying her history. Further, Dr. Cranford wrote in the December 29, 2015 letter that the

6

dacryocystitis "was probably caused by the blow to the left side of her face from the door," and, "It is my opinion that the only reason for the patient's vision on this date was because of the injury sustained from the blow from the door." Vaco introduced no contrary medical opinion. Moreover, at the expedited hearing stage, per *McCord, supra,* Ms. Eckardt need not demonstrate causation by a preponderance of the evidence but only that she is likely to prevail at a hearing on the merits. On this record, the Court holds she satisfied that burden.

Ordinarily after reaching that conclusion, the Workers' Compensation Law requires the employer to provide medical benefits commencing with the provision of a panel of physicians. *See* Tenn. Code Ann. § 50-5-204(a)(3)(A)(i) (2015). However, given that Ms. Eckardt underwent lengthy treatment culminating with surgery earlier this month, common sense dictates the designation of Dr. Everman as the authorized treating physician. Vaco shall provide continuing, reasonable, necessary and related care. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015).

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Ms. Eckardt's injuries shall be paid and Vaco or its workers' compensation carrier shall provide Ms. Eckardt with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2015) with Dr. Everman. Medical bills shall be furnished to Vaco or its workers' compensation carrier by Ms. Eckardt or the medical providers.

2. This matter is set for an Initial (Scheduling) Hearing on November 8, 2016, at 9:00 a.m. Central.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 29th day of September, 2016.

Judge Kenneth M. Switzer
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Ms. Eckardt's medical records, filed by Vaco: Dr. Cranford; Williamson Medical Center; Vanderbilt University Medical Center (Subpoena on page 10 omitted)
2. Affidavit of Katherine Miner
3. Wage statement
4. Three photographs of glass door at ABC
5. Email from Ms. Eckardt to Southwind Financial Operations (ABC) entitled "Huddle Notes," November 17, 2014
6. June 23-July 7, 2015 emails between Ms. Miner and ABC staff-For identification only
7. Four photographs of Ms. Eckardt's injury
8. Filed September 15, 2016: C-30, Attending Physician's Report: Dr. Everman
9. Vaco timesheet
10. First Report of Injury, July 16, 2016
11. Notice of Denial, November 13, 2016

Technical record:[5]
1. Petition for Benefit Determination, November 17, 2015
2. Event Timeline/Description (Ms. Eckardt's position statement)
3. Employer's position statement, December 4, 2015
4. Dispute Certification Notice, February 17, 2016
5. Request for Expedited Hearing, June 23, 2016
6. Employer's Expedited Hearing Brief, August 10, 2016
7. Order Granting Continuance, August 15, 2016
8. Brief on Behalf of Katherine Eckardt for Expedited Hearing, September 9, 2016

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 29th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Mills, Employee's Counsel | | | x | Michael.mills@millscooper.comcastbiz.net |
| Tamara Gauldin, Employer's Counsel | | | x | Tamara.gauldin@thehartford.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

11